PIRELLI ARMSTRONG TIRE
CORPORATION,
Plaintiff,

v.

TITAN TIRE CORPORATION and
Titan Wheel International,
Inc., Defendants.

No. 96–3240.

United States District Court,
C.D. Illinois,
Springfield Division.

April 24, 1998.

David B. Goroff, Glen H. Kanwit, Chicago, Michael A. Epstein, Jeffrey D. Osterman, Robert G. Sugarman, Christopher J. Morvillo, New York, NY, for plaintiff.

Gene R. LaSuer, Kent A. Herink, Des Moines, IA, Delmer R. Mitchell, Quincy, IL, Dennis Kayes, Detroit, MI, for defendant.

## OPINION

RICHARD MILLS, District Judge.

The law of unfair trade comes down very nearly to this—as judges have repeated again and again—that one merchant shall not divert customers from another by representing what he sells as emanating from the second. This has been, and perhaps even more now is, the whole Law and the Prophets on the subject . . . .

> Learned Hand, Circuit Judge
>
> *Yale Elec. Corp. v. Robertson*, 26 F.2d 972, 973 (2nd Cir.1928).

## I. BACKGROUND

Pirelli Armstrong Tire Corporation ("Pirelli") manufactures and distributes a wide range of tires for various vehicles. In fact, Pirelli is one of the largest tire manufacturers and vendors in the United States. In order to protect its business, Pirelli has obtained federal trademark registrations for the mark PIRELLI, both in block letter and logo forms, and for the mark ARMSTRONG, in block letters.

Prior to 1995, Pirelli manufactured tires for automobiles, light trucks, and agricultural vehicles, such as tractors, in the United States under both the PIRELLI and ARMSTRONG marks. However, on July 16, 1994, Titan Tire Corporation ("Titan Tire") and Pirelli entered into an "Asset Purchase Agreement" and an "Intellectual Property Agreement." Pursuant to these agreements, Pirelli sold its Des Moines, Iowa, tire plant and all rights, title, and interest in the equipment therein to Titan Tire. In addition, Pirelli licensed to Titan Tire the right to use its intellectual property as specified in the agreements.

Pirelli has filed the instant suit alleging that Titan Tire and its parent company, Titan Wheel International, Inc. ("Titan Wheel"), have violated federal trademark laws, have violated the Illinois Uniform Deceptive Trade Practices Act, have engaged in unfair competition, and have breached its contract with Pirelli. Both Titan Tire and Titan Wheel have denied Pirelli's allegations *in toto*.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see Ruiz–Rivera v. Moyer*, 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider

the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. ANALYSIS

### A. TITAN'S MOTION

Titan Wheel argues that Pirelli has not stated a proper claim against it. Titan Wheel asserts that both the asset purchase agreement and the intellectual property agreement were between Pirelli and Titan Tire. Titan Wheel asserts that it was not involved in either agreement in any capacity. Therefore, Titan Wheel has moved for summary judgment on all eight Counts of Pirelli's Complaint.

Pirelli argues that it has stated a cause of action against Titan Wheel. Moreover, Pirelli asserts that summary judgment is inappropriate because there are genuine issues of material fact which need to be determined at trial which preclude summary judgment. Pirelli claims that the fact that the two entities share a common president, chief executive officer, general counsel, secretary, and address raises a genuine issue of fact as to whether Titan Wheel so controls Titan Tire that it is a mere instrumentality or the alter ego of Titan Tire. Furthermore, Pirelli argues that due to the death of Maurice M. Taylor, Jr.'s[1] brother, it has not yet had the opportunity to depose Mr. Taylor. Therefore, it has not had the chance to inquire into the relationship between Titan Tire and Titan Wheel. Accordingly, Pirelli asks the Court to deny Titan Wheel's motion.

■ Illinois courts are reluctant to pierce the corporate veil. *C M Corp. v. Oberer Dev. Co.*, 631 F.2d 536, 541 (7th Cir.1980); *Jacobson v. Buffalo Rock Shooters Supply, Inc.*, 278 Ill.App.3d 1084, 1088, 664 N.E.2d 328, 331, 215 Ill.Dec. 931, 934 (1996). "It is a well-established principle that a corporation is separate and distinct as a legal entity from its shareholders, directors, and officers and, generally, from other corporations with which it may be affiliated." *Main Bank of Chicago v. Baker*, 86 Ill.2d 188, 204, 427 N.E.2d 94, 101, 56 Ill.Dec. 14, 21 (Ill.1981), citing *Dregne v. Five Cent Cab Co.*, 381 Ill. 594, 46 N.E.2d 386 (Ill.1943). The party seeking to pierce the corporate veil has the burden of establishing that the corporation is really a dummy or sham for another dominating corporation. *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc.*, 826 F.2d 725, 728 (7th Cir.1987); *Jacobson*, 278 Ill.App.3d at 1088, 664 N.E.2d at 331, 215 Ill.Dec. at 934.

■ "To pierce a corporate veil under Illinois law, a plaintiff must demonstrate that there is 'such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exists,' and that 'adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.'" *Sea–Land Serv., Inc. v. Pepper Source*, 993 F.2d 1309, 1311 (7th Cir. 1993), quoting *Van Dorn Co. v. Future Chem. and Oil Corp.*, 753 F.2d 565, 569–70 (7th Cir.1985); *Baker*, 86 Ill.2d at 205, 427 N.E.2d at 101, 56 Ill.Dec. at 21. Finally, in determining whether to pierce the corporate veil, Illinois courts have considered: "(1) inadequate capitalization; (2) failure to observe corporate formalities; (3) commingling of funds; (4) the absence of corporate records; and (5) the failure to maintain arm's-length relationships among related entities." *Logal v. Inland Steel Indus., Inc.*, 209 Ill.App.3d 304, 309, 568 N.E.2d 152, 156, 154 Ill.Dec. 152, 156 (1991).

■ In the instant case, the Court declines Pirelli's invitation to pierce the corporate veil. Cheri Holley, Titan Tire's general counsel and secretary, has submitted a sworn affidavit in which she asserts that Titan Tire has always been, and is today, adequately capitalized, has always observed corporate formalities, has maintained appropriate corporate records, and has maintained an arm's length relationship with Titan Wheel. De-

---

1. Maurice M. Taylor, Jr., is the president and CEO of both Titan Tire and Titan Wheel.

fendant has not offered any affidavit or evidence in opposition to Ms. Holley's affidavit.

Although Pirelli argues that the fact that Titan Tire and Titan Wheel share common officers and a common address raises an issue of fact precluding summary judgment, such is not the law in Illinois. In *Baker*, the Illinois Supreme Court clearly held that the use of common officers and directors by two corporations does not render a corporation liable for the obligations of the other. *Baker*, 86 Ill.2d at 204–05, 427 N.E.2d at 101, 56 Ill.Dec. at 21. Moreover, both the asset purchase agreement and the intellectual property agreement clearly state that the agreements are between Pirelli and Titan Tire. Nowhere in either agreement is Titan Wheel named or mentioned as a party to the agreements.

Finally, Pirelli makes much of the fact that summary judgment is inappropriate because it has not had the opportunity to depose Maurice Taylor. However, Pirelli did have the opportunity to depose Mr. Taylor in an accompanying case pending before this Court involving these same parties and, also, had the opportunity to cross-examine him at the bench trial conducted by this Court in that accompanying case.[2] Furthermore, Pirelli did not ask the Court to extend the dispositive motion deadline until after it had deposed Mr. Taylor. *See Chicago Florsheim Shoe Store*, 826 F.2d at 727 (holding that because a party failed to move for a continuance to obtain discovery under Rule 56(f), summary judgment was appropriate). Although Pirelli did file a Rule 56(f) affidavit,[3] Pirelli, to date, has not filed a motion to supplement its response to Defendants' motion for summary judgment. Presumably, Pirelli deposed Mr. Taylor; however, it has not advised the Court as to how Mr. Taylor's deposition impacts Defendants' motion even though Defendants' motion has been pending for some time.

The Court finds that there are no genuine issues of material fact to be determined by a finder of fact and that Defendant Titan Wheel International, Inc., is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). Accordingly, Defendants' motion for summary judgment in favor of Defendant Titan Wheel International, Inc., is allowed.[4]

### B. *PIRELLI'S MOTION*

Pirelli has moved for summary judgment on each Count of its Complaint.

### 1. *Counts I, VII, & VIII* [5]

Pirelli argues that Titan Tire's unauthorized use of the PIRELLI and ARMSTRONG trademarks constitutes trademark infringement, common law unfair competition and violates the Illinois Uniform Deceptive Trade Practices Act. Pirelli asserts that it owns the exclusive right to produce and distribute tires identified by the PIRELLI and ARMSTRONG marks and that Titan Tire's unauthorized use of these marks is likely to cause confusion among the purchasing public. Thus, Pirelli moves for summary judgment on these Counts.

Titan Tire denies that it violated or infringed upon Pirelli's trademarks or that it engaged in any unfair or deceptive business practices. In fact, Titan Tire asserts that Pirelli no longer has a valid and protectable interest in the ARMSTRONG trademark. Moreover, Titan Tire claims that its use of Pirelli's trademarks is not likely to cause confusion in the purchasing public. Finally, Titan Tire argues that genuine issues of material fact exist which preclude the Court from entering summary judgment on these Counts.

---

2. *See Pirelli Armstrong Tire Corporation v. Titan Tire Corporation*, Civil Case Number 95–3347, Central District of Illinois, Springfield Division.

3. *See* the affidavit of Pirelli's attorney Christopher J. Morvillo.

4. Titan Tire has also moved for partial summary judgment as to Counts I, II, III, V, and VII of Pirelli's Complaint. However, the Court will address those claims in ruling upon Pirelli's motion for summary judgment.

5. Count I alleges a violation of the Lanham Act (15 U.S.C. § 1114); Count VII alleges a violation of common law unfair competition; and Count VIII alleges a violation of the Illinois Uniform Deceptive Trade Practices Act. 815 ILCS 510/1 *et seq.*

Under Illinois law, proof of a trademark infringement is sufficient to establish a violation of the Illinois Uniform Deceptive Trade Practices Act and constitutes unfair competition under Illinois common law. *See TMT N. Am., Inc. v. Magic Touch GmbH,* 124 F.3d 876, 881 (7th Cir.1997), quoting *International Order of Job's Daughters v. Lindeburg and Co.,* 633 F.2d 912, 916 (9th Cir.1980)(holding that "federal and state laws regarding trademarks and related claims of unfair competition are substantially congruent."); *see also AHP Subsidiary Holding Co. v. Stuart Hale Co.,* 1 F.3d 611, 619 (7th Cir.1993)(holding that state unfair competition claims mirror federal infringement claims); *see also Tarin v. Pellonari,* 253 Ill.App.3d 542, 551, 625 N.E.2d 739, 745–46, 192 Ill.Dec. 584, 590–91 (1993)(holding that "[u]nder both State and Federal statutes, the principles of trademark law and the tests for infringement are the same as the ones traditionally applied at common law."). Therefore, in order to prevail on Counts I, VII, and VIII, Pirelli must establish:

(1) validity of the mark in question; and (2) infringement. Validity of the mark goes to whether the plaintiff's symbol is protectable as a trademark—*i.e.,* whether it is recognized by the public as identifying and distinguishing plaintiff's goods or services. Infringement goes to whether the defendant's actions have caused a likelihood of confusion among consumers as to the source of the goods or services.

*Echo Travel, Inc. v. Travel Assoc., Inc.,* 870 F.2d 1264, 1266 (7th Cir.1989). However, motions for summary judgment must be viewed with great caution in trademark infringement cases, especially where a party's intent is in issue. *McGraw–Edison Co. v. Walt Disney Prods.,* 787 F.2d 1163, 1173 (7th Cir.1986).

Titan Tire argues that Pirelli has not established either factor. As for the issue of the validity of the trademarks in question, Titan Tire asserts (1) that Pirelli does not own a valid and protectable trademark in the ARMSTRONG mark and, in fact, has aban-

doned the mark, (2) that Pirelli acquiesced in Titan Tire's use of the PIRELLI mark in the tires which it sold to the John Deere Company, (3) that all of the ARMSTRONG products which it sold were in compliance with the intellectual property agreement, (4) that Pirelli has not established any rights over the ARMSTRONG trademark in Europe, and (5) that Pirelli's claims are barred by the doctrines of laches and estoppel.

However, the Court finds that Pirelli owns a valid and legally protectable trademark in both the PIRELLI and ARMSTRONG trademarks. Furthermore, the Court finds that Pirelli's claims are not barred by the doctrine of laches or estoppel. In order to prove that Pirelli abandoned the trademarks at issue,[6] Titan Tire must show that Pirelli actually abandoned the use of the trademark and that Pirelli intended to abandon the trademark. *Citibank, N.A. v. Citibanc Group, Inc.,* 724 F.2d 1540, 1545 (11th Cir.1984). Titan Tire has failed to do so.

In support of its argument, Titan Tire has submitted three magazine articles in which it is reported that Pirelli plans to rename the company and drop the ARMSTRONG name from its line of tires. However, these articles constitute hearsay and, therefore, are not to be considered by the Court in ruling on a motion for summary judgment. *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997); Fed. R. Civ. Pro. 56(e). Even if these articles were admissible, they do not support Titan Tire's position. The articles indicate that Pirelli will drop the ARMSTRONG brand *some time in the future.*

On the other hand, Pirelli has submitted copies of their federal trademark registrations for both the PIRELLI and ARMSTRONG trademarks. These trademarks have become incontestable because they have been registered and used in commerce for at least five consecutive years. 15 U.S.C. § 1065. Accordingly, it is clear to the Court that Pirelli owns a valid and legally enforceable trademark in the PIRELLI and ARMSTRONG trademarks and that Pirelli has not abandoned those trademarks.

---

6. The party asserting abandonment bears the ultimate burden of persuasion on the issue. *Sands, Taylor & Wood Co. v. The Quaker Oats Co.,* 978

F.2d 947, 956 (7th Cir.1992); *Roulo v. Russ Berrie & Co., Inc.,* 886 F.2d 931, 938 (7th Cir. 1989).

Second, Titan Tire argues that Pirelli acquiesced in the use of the PIRELLI mark in the tires which it sold to the John Deere Company. Titan Tire relies upon the affidavit of Ken Allen for support. In his affidavit, Mr. Allen, the director of Product Marketing for Agricultural Products for Titan Tire, states that he was contacted by a representative of John Deere who wanted to buy PIRELLI branded tires for their tractors. Mr. Allen advised the John Deere representative to contact Pirelli to determine where he should obtain the tires which he sought. The next day, the John Deere representative contacted Mr. Allen and informed him that Pirelli had instructed him to contact Titan Tire in order to purchase the tire he wanted. Titan Tire then sold PIRELLI branded tires to John Deere. Based upon this affidavit, Titan Tire argues that Pirelli has acquiesced in its sale of PIRELLI branded tires to John Deere.

■ However, Ken Allen's affidavit is filled with hearsay and, therefore, is inadmissible. Mr. Allen does not identify the John Deere representative with whom he spoke, nor does he indicate exactly what Pirelli informed the John Deere representative to do. Fed.R.Evid. 801(c). Titan Tire has offered no other proof in support of its assertion other than this inadmissible affidavit. On the other hand, the asset purchase agreement specifically prohibits Titan Tire from manufacturing PIRELLI branded tires. Thus, the Court cannot say, based upon the admissible evidence presented by Titan Tire, that Pirelli acquiesced in the sale of PIRELLI branded tires to the John Deere Company.

■ Although admitting that it did, in fact, sell PIRELLI branded tires to the John Deere Company and that is sold ARMSTRONG branded tires to foreign manufacturers,[7] Titan Tire argues that it did not violate the asset purchase agreement and/or the intellectual property agreement because it was Titan Tire's "understanding" that the tires were sold to foreign manufacturers who planned to place them on equipment which would only be sold in the United States.

However, Titan Tire's argument fails for two reasons. First, as stated above, Titan Tire violated the agreements by selling PIRELLI branded tires to John Deere. Second, Cheri Holley's affidavit submitted in support of its position is inadmissible. Ms. Holley's affidavit is based upon hearsay and lacks the personal knowledge required to be admissible. *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir.1989). Because Ms. Holley's affidavit is the only evidence which Titan Tire has offered in support of its position and because the Court may not consider her affidavit, there is no genuine issue of a material fact on this issue.

■ Fourth, Titan Tire argues that Pirelli has not established any rights over the ARMSTRONG trademark in Europe. However, Pirelli has, in fact, offered evidence that ARMSTRONG is a registered trademark in Europe. Furthermore, "a United States district court has jurisdiction to award relief to [a plaintiff] against acts of trademark infringement and unfair competition consummated in a foreign country by a citizen and resident of the United States." *John Walker and Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 407 (7th Cir.1987), quoting *Steele v. Bulova Watch Co.*, 344 U.S. 280, 281, 73 S.Ct. 252, 97 L.Ed. 319 (1952).

■ Finally, the Court finds that Pirelli's claims are not barred by the doctrine of laches or estoppel. Titan Tire argues that although Pirelli knew that 62 mold inserts were left at the Des Moines, Iowa, plant, Pirelli did not instruct it as to what it was to do with the inserts for over a year. Furthermore, although Pirelli knew that Titan Tire was using the PIRELLI name inserts in late 1994 or early 1995, Pirelli did not bring this suit until August 1996. Thus, Titan Tire argues that this suit is barred by laches and estoppel.

However, just because Pirelli may have left 62 mold inserts bearing the PIRELLI name at the Des Moines plant, it does not mean that Titan Tire had the right to use those inserts! Furthermore, between the time period after Pirelli discovered Titan

---

**7.** The asset purchase agreement and intellectual property agreement allowed Titan Tire to sell ARMSTRONG branded tires only in the United States and Canada.

Tire's actions and the filing of the instant suit, several meetings between the parties occurred in order to resolve this dispute. Thus, to find that Pirelli is guilty of laches based upon its attempt to resolve the issue would discourage future potential litigants from attempting settlement. Finally, "two years has rarely, if ever, been held to be a delay of sufficient length to establish laches." *Piper Aircraft Corp. v. Wag–Aero, Inc.,* 741 F.2d 925, 933 (7th Cir.1984). Accordingly, the Court finds that Pirelli's claims are not barred by the doctrine of laches or estoppel and also finds that Pirelli has established the validity of the trademarks in question.

■■■ Likewise, the Court finds that Pirelli has established that Titan Tire infringed upon its trademarks. As stated above, infringement deals with whether a party's actions have caused a likelihood of confusion among consumers. *Echo Travel,* 870 F.2d at 1266. In making this determination, the Court must consider seven factors:

the degree of similarity between the marks in appearance and suggestion; the similarity of the products for which the name is used; the area and manner of concurrent use; the degree of care likely to be exercised by consumers; the strength of the complainant's mark; actual confusion; and an intent on the part of the alleged infringer to palm off his products as those of another.

*Nike, Inc. v. "Just Did It" Enters.,* 6 F.3d 1225, 1228 (7th Cir.1993), quoting *Helene Curtis Indus., Inc. v. Church & Dwight Co., Inc.,* 560 F.2d 1325, 1330 (7th Cir.1977). However, this list is not exclusive. *Nike,* 6 F.3d at 1228. Moreover, a plaintiff is not required to establish all of these factors; rather, the appropriate weight which the court should give to each factor should be made on a case-by-case basis. *Id.; Stuart Hale,* 1 F.3d at 616, citing *Schwinn Bicycle Co. v. Ross Bicycles, Inc.,* 870 F.2d 1176, 1187 (7th Cir.1989).

In the case *sub judice,* the Court finds that the above seven factors weigh in Pirelli's favor. First, the PIRELLI and ARMSTRONG marks have been in effect and identifying goods for over 80 years. Second, not only was the trademark used by Titan

Tire similar to Pirelli's trademark, it was identical and was used on identical products, *i.e.,* tires. *General Elec. Co. v. Speicher,* 877 F.2d 531, 534 (7th Cir.1989).

Third, although a party need only show the likelihood of confusion rather than actual confusion, *Web Printing Controls Co., Inc. v. Oxy–Dry Corp.,* 906 F.2d 1202, 1203 (7th Cir.1990), in the instant case, Pirelli has tendered evidence of actual consumer confusion. Pirelli has submitted various complaints from consumers in which the consumers request technical assistance due to the problems which they are having with their tires. The tires to which the consumers were referring, however, were the ones manufactured by Titan Tire which bore the PIRELLI and ARMSTRONG marks. Fourth, Pirelli and Titan Tire are in the same industry, and they target and advertise to the same consumers. It is, therefore, likely that the average consumer would attribute Titan Tire's products which advertise and bear Pirelli's trademarks as being produced by Pirelli; it is also very unlikely that the average consumer would be able to distinguish between the tires manufactured by Titan Tire bearing Pirelli's trademark and those actually manufactured by Pirelli.

Finally, the Court believes that Titan Tire intended to cause customer confusion. Generally, issues of intent are inappropriate for summary judgment. *McGraw–Edison,* 787 F.2d at 1173. Thus, Titan Tire attempts to place intent into issue *via* Cheri Holley's and Ken Allen's affidavits.

However, the Court has previously found those affidavits to be inadmissible. Therefore, Titan Tire is left with no evidence on the issue of intent. Furthermore, § 13.02 of the asset purchase agreement clearly places the burden of excluding and removing any and all references to or imprints of "Pirelli" upon Titan Tire's shoulders. Titan did not fulfill this duty, and the only admissible explanation is the one offered by Pirelli, *i.e.,* that Titan Tire intended to "pawn off" its products as being manufactured by Pirelli.

Accordingly, the Court finds that Titan Tire has infringed upon Pirelli's trademark, has engaged in unfair competition, and has

violated the Illinois Uniform Deceptive Trade Practices Act. Furthermore, the Court finds that there are no genuine issues of material fact to be determined by a finder of fact and that Pirelli is entitled to summary judgment as a matter of law on Counts I, VII, and VIII of its Complaint.

### 2. Count II

■ Count II of Pirelli's Complaint alleges that Titan Tire violated 15 U.S.C. § 1125(a). In short, Pirelli alleges that Titan Tire "passed off" its goods for that of Pirelli's. *See Web Printing Controls*, 906 F.2d at 1203 n. 1, quoting *Smith v. Montoro*, 648 F.2d 602, 604 (9th Cir.1981)(holding that " '[p]assing off' involves 'the selling of a good or service of one's creation under the name or mark of another.' "). To prevail on its passing off claim, Pirelli must establish that Titan Tire misbranded its products, that Titan Tire introduced Pirelli's products into commerce, and that there is a likelihood that consumers will be confused by Titan Tire's material misbranding. *Web Printing Controls*, 906 F.2d at 1204.

■ Therefore, in order to prevail on Count II, Pirelli must demonstrate that the mark was used by Titan Tire in commerce and must prove all of the elements necessary to sustain a claim of trademark infringement. The Court finds that Pirelli has made this showing.

Titan Tire relies upon *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 940 (7th Cir.1986), in opposing Pirelli's motion. In *Liquid Controls*, the Seventh Circuit held that passing off is a type of fraud. *Id.* Titan Tire asserts that there is no evidence of fraud on its part, and therefore, Pirelli has not proven its claim. However, unlike the *Liquid Controls* case, there is evidence of consumer confusion in the instant case. Consumers have complained to Pirelli regarding tires manufactured by Titan Tire bearing Pirelli's name. Thus, there is evidence that Titan Tire has "passed off" Pirelli branded products in interstate commerce as its own. Accordingly, the Court finds that Titan Tire has passed off its goods as Pirelli's, that there is no genuine issue of material fact to be determined by a finder of fact, and that Pirelli is entitled to summary judgment on Count II of its Complaint.

### 3. Count III

■ Count III alleges a violation of the Federal Trademark Dilution Act of 1995. 15 U.S.C. § 1125(c). In order to prevail in a cause of action under this Act, a plaintiff must prove that

(1) the mark is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services.

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir.1998); 15 U.S.C. § 1125(c). Here, Pirelli has established all four elements.

As discussed above, Pirelli's trademarks are famous. The trademarks have been registered for over 80 years and are incontestable. 15 U.S.C. § 1065. Moreover, Titan Tire manufactured and sold tires bearing Pirelli's trademark in commerce after the mark had became famous.[8] Finally, Titan Tire's use of the trademarks has diluted the quality of the marks. Titan Tire's use of Pirelli's trademarks has tainted those trademarks and has created a negative association with the mark. *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 955 F.Supp. 605, 613–14 (E.D.Va.1997). This fact is evidenced by the complaints which Pirelli has received from consumers regarding the problems which they have had with the tires they purchased which were manufactured by Titan Tire bearing Pirelli's name.

Accordingly, the Court finds that Titan Tire has diluted Pirelli's trademark in violation of 15 U.S.C. § 1125(c), that there is no genuine issue of material fact to be determined by a finder of fact, and that Pirelli is

---

8. Titan Tire's sale of Pirelli branded tires to the John Deere Company and the Armstrong branded tires in England were in commerce and were well after the trademarks had become famous.

entitled to summary judgment on Count III of its Complaint.

#### 4. *Counts IV, V, & VI*

Counts IV, V, and VI allege that Titan Tire breached its contracts with Pirelli, *i.e.*, the asset purchase agreement and the intellectual property agreement. In order to prevail on a claim of breach of contract, a plaintiff must prove: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Elson v. State Farm Fire and Cas. Co.*, 295 Ill.App.3d 1, 691 N.E.2d 807, 811, 229 Ill.Dec. 334, 338 (1998); *Hoopla Sports and Enter., Inc. v. Nike, Inc.*, 947 F.Supp. 347, 356 (N.D.Ill.1996). Here, the Court finds that Pirelli has proven each of these elements.

Titan Tire attempts to create an issue of fact by again relying upon the affidavits of Ken Allen and Cheri Holley. However, as the Court has previously found, these affidavits are inadmissible. In addition, the evidence is clear that in both the asset purchase agreement and the intellectual agreement Pirelli and Titan Tire entered into valid contracts. Second, Pirelli performed its obligations under the contract.[9] Third, Titan Tire breached its contracts with Pirelli in that it manufactured and produced tires bearing Pirelli's trademarks and then sold and distributed those tires to consumers. Finally, as a result of Titan Tire's breach, Pirelli has suffered damages.

Accordingly, the Court finds that Titan Tire has breached its contracts with Pirelli, that there is no genuine issue of material fact to be determined by a finder of fact, and that Pirelli is entitled to summary judgment as a matter of law on Counts IV, V, and VI of its Complaint.

*Ergo,* Defendant's Motion for Partial Summary Judgment is ALLOWED in part and DENIED in part. Defendants' motion as to Titan Wheel International, Inc., is ALLOWED. Accordingly, pursuant to Federal Rule of Civil Procedure 56, summary judg-

ment is hereby entered in favor of Defendant Titan Wheel International, Inc., and against Plaintiff on each Count of Plaintiff's Complaint.

However, Defendant Titan Tire's Motion for partial summary judgment as to Counts I, II, III, V, and VII is DENIED.

Plaintiff's Motion for Summary Judgment is ALLOWED. Accordingly, pursuant to Federal Rule of Civil Procedure 56, summary judgment is hereby entered in favor of Plaintiff and against Defendant Titan Tire Corporation as to liability on each Count of Plaintiff's Complaint.

---

9. *See* the Court's Order following the bench trial in *Pirelli Armstrong Tire Corporation v. Titan Tire Corporation,* Civil Case Number 95–3347, Central District of Illinois, Springfield Division.